UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BERTIE MATTINAS,<br><br>                  Plaintiff,<br><br>      v.<br><br>TYRELL DAVIS, Warden, Idaho State Correctional Institution,<br><br>                  Defendant.[1] | Case No. 1:23-cv-00137-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Bertie Mattinas's Complaint (Dkt. 3) as a result of Plaintiff's status as an inmate and in forma pauperis request. Plaintiff then filed a document entitled, "Notice of Amended Complaint" (Dkt. 8), and later another document entitled, "Amended Notice of Complaint" (Dkt. 10). It is unclear whether Plaintiff intended either of these documents as a true amended complaint—meaning a document that replaces the original Complaint in its entirety.

Accordingly, the Court will review all three of these documents (excluding attachments and exhibits) to determine whether any of Plaintiff's claims should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing

---

[1] Plaintiff initially named the Idaho State Correctional Institution and Warden Davis as Defendants. The Court will grant Plaintiff's Motion to Correct Caption, eliminating the Idaho State Correctional Institution but keeping Warden Davis as the Defendant in this action. *See* Dkt. 7.

Plaintiff to file a single amended complaint alleging all of his claims if Plaintiff intends to proceed.

1.      **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations amounting to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[2] requires the Court to review complaints filed by prisoners seeking relief against a governmental entity or an officer or

---

[2] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims falling outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the three documents found at Docket Nos. 3, 8, and 10, not the affidavits, exhibits, or other documents Plaintiff has submitted. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

2.      **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho State Correctional Institution ("ISCI"). Plaintiff alleges Defendant Davis, the warden of ISCI, has "engaged in unlawful acts to include but not limited to the reappropriation of funds, engaged in financial manipulation and unofficiated unethical activity to include having several bank accounts for inmats [sic]." Dkt. 3 at 2. Plaintiff asserts Defendant is engaged in money laundering and fraud based on changing Plaintiff's name in IDOC records and on the IDOC website and by "acquiring … a social security card." *Id*.

Plaintiff also asserts Defendant has not provided him with an "identification card" and has retaliated against him. Dkt. 8 at 2. In addition, Plaintiff appears to claim that Defendant has conspired against him. Dkt. 10 at 1–2.

Plaintiff complains that Defendant's actions violated Plaintiff's right to freedom of expression and constituted defamation. Dkt. 3 at 2. Plaintiff also cites federal criminal statutes. Dkt. 10. Finally, Plaintiff appears to allege his legal mail has been confiscated by unidentified prison officials. *See* Dkt. 9.

**3.     Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 60 days to file a single amended complaint alleging all his claims. Any amended complaint should take into consideration the following.

   **A.     *Section 1983 Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and

the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### i. First Amendment Claims

Prisoners do not forfeit all of their constitutional rights simply because they are prisoners. However, many constitutional rights are appropriately restricted within prison walls, and "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Bell v. Wolfish*, 441 U.S. 520, 545–46 (1979) (internal quotation marks omitted).

The standard governing most constitutional claims of incarcerated persons, including First Amendment claims, was outlined by the United States Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987). There, the Court examined the free speech issue in the context of prison officials prohibiting correspondence between inmates residing at different state institutions.

The Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89. The *Turner* Court identified four factors to consider when determining whether a prison regulation is valid: (1) whether there is a "rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) whether "there are alternative means of exercising the right that remain open to prison inmates"; (3) what "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether "ready alternatives" at a "de minimis cost" exist, which "may be evidence that the regulation is not reasonable, but is an exaggerated response to prison concerns." *Id.* at 89-93.

The *Turner* analysis appropriately allows prison officials substantial leeway in the management of their prisons. "Subjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Id.* at 89. Federal courts must apply the *Turner* test so as to "accord great

deference to prison officials' assessments of their interests." *Michenfelder v. Sumner*, 860 F.2d 328, 331 (9th Cir. 1988).

### a) Free Speech Claims

The First Amendment "prohibits state and local governments from enacting laws 'abridging the freedom of speech.'" *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192, 1197 (9th Cir. 2016). However, Plaintiff's pleadings include no facts suggesting that any particular action of Defendant Davis abridged Plaintiff's right to free speech, or that any such action was not rationally related to a legitimate penological interest. Plaintiff may attempt to remedy these deficiencies in an amended complaint.

### b) Interference-with-Mail Claims

Inmates enjoy a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, a prison or jail may adopt regulations or practices that impinge on a prisoner's First Amendment rights if those regulations are "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. Specific allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). A temporary delay in the delivery of mail resulting from a prison's security inspection, however, does not violate a prisoner's First Amendment rights. *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999).

Different standards apply to restrictions on inmate mail, depending on whether the mail is considered legal mail or non-legal mail. Mail from the courts, as contrasted to

mail from a prisoner's lawyer, is not legal mail. *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *as amended*, 135 F.3d 1318 (9th Cir. 1998).

Because "freedom from censorship is not equivalent to freedom from inspection or perusal," prison officials have the right to open and to inspect legal mail from attorneys to inmates or from inmates to attorneys. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). However, prison officials may not *read* an inmate's legal mail. *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (*Nordstrom II*) (First Amendment claim); *Nordstrom v. Ryan*, 762 F.3d 903, 910-11 (9th Cir. 2014) (*Nordstrom I*) (Sixth Amendment claim). "[E]ven a single instance of improper reading of a prisoner's [legal] mail can give rise to a constitutional violation." *Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) (Sixth Amendment context); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017) ("[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory.").

Further, "prisoners have a protected First Amendment interest in having properly marked legal mail opened [and inspected] only in their presence." *Hayes*, 849 F.3d at 1211. However, the negligent opening of a prisoner's legal mail outside the inmate's presence does not rise to the level of a constitutional violation and, therefore, does not violate § 1983. *Id.* at 1218 ("An allegation that prison officials opened a prisoner's legal mail, without an allegation that the mail was deliberately and not negligently opened, is not sufficient to state a cause of action under § 1983.") (Bybee, J., concurring); *id.* at 1212 ("Hayes has alleged a plausible claim that his protected mail was *arbitrarily or*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

*capriciously* opened outside his presence on two separate occasions.") (emphasis added); *see Kingsley*, 135 S. Ct. at 2472 ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.") (internal quotation marks omitted); *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that "lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person," which is "[f]ar from [a governmental] abuse of power" actionable under § 1983"). Finally, to state a colorable First Amendment claim that legal mail was opened outside the presence of an inmate, the plaintiff must allege that the mail was from an attorney and that the mail "was properly marked as 'legal mail.'" *Hayes*, 849 F.3d at 1211.

Plaintiff has provided no details about the mail that was allegedly confiscated, from whom it was sent, or the identity and state of mind of the person who confiscated it. Accordingly, Plaintiff has not stated a plausible interference-with-mail claim.

        ii.        <u>Due Process Claims</u>

The Court construes Plaintiff's financial fraud allegations and his assertion regarding Defendant's failure to return an identification card as claims that Defendant has deprived Plaintiff of property without due process of law. However, the Due Process Clause "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis omitted). Moreover, even the intentional deprivation of personal property by prison officials will not support a due process claim under § 1983 if the prisoner has an adequate remedy under state law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Idaho has adopted the Idaho Tort Claims Act ("ITCA"), Idaho Code § 6-901, *et seq.*, to provide a remedy for citizens injured by the tortious acts of governmental entities, officials, and employees. As a general rule, "every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees acting within the course and scope of their employment or duties." Idaho Code § 6-903(1). One exception to this rule is that "any law enforcement officer," acting "without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct," shall not be liable for a claim arising from "the detention of any goods or merchandise." Idaho Code § 6-904B(1). It is unclear whether this exception to liability applies when a jail or prison official deprives an inmate of personal property. Importantly, however, even assuming this exception applies in the jail or prison context, it would not immunize officials from liability for acts that are grossly negligent, reckless, or willful and wanton.

Accordingly, to the extent Plaintiff is claiming prison officials negligently deprived him of money or property, he has no due process claim regardless of the existence of a post-deprivation state-law remedy for negligent conduct. With respect to any allegation that prison officials recklessly lost or intentionally stole his money or property, Plaintiff has (or had) a potential remedy under the ITCA. Accordingly, Plaintiff has not stated a plausible due process claim.

### B. *Claims under Federal Criminal Statutes*

Plaintiff asserts claims under various federal criminal statutes. However, such statutes do not give rise to civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

1980). Therefore, Plaintiff should omit from any amended complaint claims based on federal criminal statutes.

### C.    State Law Claims

In addition to § 1983 claims, Plaintiff asserts a defamation claim under Idaho law. In Idaho, a defamation claim against a non-public figure requires the plaintiff to show that (1) the defendant "communicated information concerning the plaintiff to others," (2) "the information was defamatory," and (3) "the plaintiff was damaged because of the communication." *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007). A defamatory statement is one tending "to harm a person's reputation, usually by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business." *Elliott v. Murdock*, 385 P.3d 459, 465 (Idaho 2016) (internal quotation marks and alterations omitted). Not all damaging communications constitute defamation. For example, "[s]tatements of opinion," as well as statements of fact "that cannot be proved false," are not defamatory. *Irish v. Hall*, 416 P.3d 975, 980 (Idaho 2018) (internal quotation marks omitted).

Plaintiff offers no facts regarding any particular statement he alleges is defamatory and, thus, has failed to state a plausible defamation claim. Moreover, because the three documents found at Docket Nos. 3, 8, and 10 fail to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim in any event. *See* 28 U.S.C. § 1367(c). If Plaintiff files an amended complaint and is allowed to proceed on a federal claim, and if that amended

complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

### 4. Standards for Amended Complaint

If Plaintiff chooses to file an amended complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements

of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14

notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Correct Caption (Dkt. 7) is GRANTED, and the Idaho State Correctional Institution is TERMINATED as a party to this action.

2. Plaintiff's Petition for Writ of Supervisory Control (Dkt. 9) is DENIED.

3. The three documents found at Docket Nos. 3, 8, and 10 fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

4. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

5.  Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 5, 2023

_____
Amanda K. Brailsford
U.S. District Court Judge