UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BERTIE MATTINAS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TYRELL DAVIS, Warden, Idaho State Correctional Institution,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00137-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Bertie Mattinas is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's pleadings pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (*See Initial Review Order*, Dkt. 14.)

Plaintiff has now filed a Third Amended Complaint. (*See* Dkt. 15). The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Third Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial pleadings, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.　　**Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel. (*See* Dkt. 25). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL, 2017 WL 10777693, at *2 (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Third Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's Motion for Appointment of Counsel.

**2.     Screening Requirement and Pleading Standards**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3.   **Factual Allegations**

Plaintiff claims that, upon his arrival at the Idaho State Correctional Institution ("ISCI") in April 2022, he was booked under the name, "Bertie Robert Mattinas." (*Am. Compl.*, Dkt. 15, at 2). This was incorrect, as Plaintiff does not have a middle name. (*Id*. at 8). The birthdate listed in Plaintiff's prison file was also incorrect. After Plaintiff spent much time attempting to correct this information, prison officials "finally corrected [his] identity" in April 2023.

Plaintiff claims that Defendant Warden Davis has committed "criminal fraudulent activities" and has defamed Plaintiff by using this incorrect name. (*Id*. at 3). Plaintiff implies that Warden Davis has received money by using the "made up" name but does not allege any supporting facts. Plaintiff has also had trouble getting a Social Security card, allegedly because he is listed under an incorrect name in prison. (*Id*. at 2). Plaintiff states that he is "a natural person" and a sovereign citizen, and that he is "not human capital or government property." (*Id*. at 5).

4.   **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). It appears that Plaintiff is asserting violations of the Due Process Clause, which prohibits the government from depriving a person of

life, liberty, or property without due process of law. Plaintiff appears to allege that his reputation has suffered as a result of the incorrection identification. Plaintiff also asserts a state law claim of defamation.

Plaintiff has not stated a claim that Warden Davis violated the Due Process Clause. The Third Amended Complaint plausibly alleges only that Plaintiff was initially (and mistakenly) booked into prison with incorrect information. That it apparently took a year for Plaintiff to get his prison records corrected is unfortunate, but it does not support a reasonable inference Plaintiff was deprived of a protected interest. This Court has previously held—in the context of parole consideration—that Idaho inmates do not possess a constitutionally protected interest in having only accurate information in their files. *See Stanley v. St. Paul*, 773 F. Supp. 2d 926, 929 (D. Idaho 2011). Further, the Third Amended Complaint does not plausibly allege that, in permitting the mistaken booking to go uncorrected, Warden Davis acted with "a purposeful, a knowing, or possibly a reckless state of mind," which is required to state a due process claim. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). Finally, Plaintiff's overly generalized allegations that Warden Davis has committed fraud as a result of the mistaken information are not sufficient to state a claim for relief.

Nor does the Third Amended Complaint support a reasonable inference that Warden Davis defamed Plaintiff by mistakenly permitting the incorrect information to remain in his file. Incorrect information is not necessarily defamatory. One cannot plausibly infer that the incorrect identifying information subjected Plaintiff to public contempt, disgrace, or ridicule—or that it adversely affected Plaintiff's business—as required under Idaho defamation law. *See Elliott v. Murdock*, 385 P.3d 459, 465 (Idaho 2016). Therefore, Plaintiff has not stated a colorable defamation claim.

For the foregoing reasons, the Third Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**5.    Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Third Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. 25) is DENIED.

2. The Third Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 14), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: October 27, 2023

Amanda K. Brailsford
U.S. District Court Judge